**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

PHARO GAIA FUND LTD. and PHARO
MACRO FUND LTD.,

*Plaintiffs*,

v.

THE BOLIVARIAN REPUBLIC OF
VENEZUELA,

*Defendant*.

</td><td>

Case No. _____

Removed from:

Supreme Court of the State of New York in
and for the County of New York, New York
Index No. 650204/2019

</td></tr>
</table>

## NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1441(d) and 1446, Defendant, the Bolivarian Republic of Venezuela ("the Republic"), hereby removes the above-captioned action from the Supreme Court of the State of New York in and for the County of New York, where the action was filed, to the United States District Court for the Southern District of New York. The Republic appears for the purpose of removal only and reserves all rights and defenses available to it, including the right to amend or supplement this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(a), the Republic provides the following statement of the grounds for removal:

### BACKGROUND

1.      On January 11, 2019, Plaintiffs Pharo Gaia Fund Ltd. and Pharo Macro Fund Ltd. filed this action against the Republic in the Supreme Court of New York in and for the County of New York.  Plaintiffs assert that they served the Republic on January 14, 2019, at the

Venezuelan Consulate in New York.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the state court action are attached as Exhibit A.[1]

2.  This is an action for breach of contract.  Plaintiffs allege that the Republic failed to make principal and interest payments on two series of bonds issued by the Republic, in which Plaintiffs purportedly own a beneficial interest.  Compl. ¶ 1.

3.  Plaintiffs concede that the Republic is a "foreign state" for the purposes of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1603. *See id.* ¶ 4.

4.  On January 23, 2019, Venezuelan National Assembly President Juan Guaidó issued a public statement ratifying the application of Article 233 of the Venezuelan constitution, which vested him with the office of Interim President of the Republic. That same day, U.S. President Donald Trump issued a statement officially recognizing Mr. Guaidó as Interim President of Venezuela and rejecting the legitimacy of the Maduro regime.

5.  Under applicable U.S. law, President Trump's recognition of President Guaidó as the rightful representative of the Republic is conclusive and binding on U.S. courts, and only President Guaidó or his representatives may assert the interests of the Republic in U.S. courts. *See Guaranty Trust Co. v. United States*, 304 U.S. 126, 138 (1938); *Pfizer v. Government of India*, 434 U.S. 308, 319–20 (1978); *Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076 (2015); *see also Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669, 672–76 (S.D. Fla. 1988).

6.  Interim President Guaidó's assumption of the presidency under Article 233 was unprecedented, and the current political and social situation in the Republic is extraordinarily

---

[1] Citations to state court filings are made herein by direct reference to state court docket numbers.

volatile and complex. The Republic faces one of the most dire political, economic, and humanitarian crises in the world.

**JURISDICTION AND VENUE**

7.     Pursuant to 28 U.S.C. § 1441(d), "[a]ny civil action brought in a State court against a foreign state as defined in [28 U.S.C. § 1603] may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

8.     The Republic is entitled to remove this action to federal court because it is a foreign state as defined in 28 U.S.C. § 1603.

9.     Removal to this District and Division is proper because they embrace New York County (where the action was pending).

**PROCEDURAL REQUIREMENTS**

**I.     There Is Good Cause To Enlarge the Republic's Removal Deadline.**

10.     The deadline for removal is ordinarily "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Pursuant to 28 U.S.C. § 1441(d), a foreign state's removal deadline "may be enlarged at any time for cause shown."

11.     Plaintiffs assert that the Republic received the Complaint on January 14, 2019. The Republic filed this notice of removal on April 8, 2019, fewer than three months after service. Considering the change in government, and the ongoing political and humanitarian crisis in Venezuela, there is good cause to enlarge the Republic's removal deadline.

12.     The factors to be considered in determining whether to enlarge the time in which a foreign state has to remove include "the purpose of the removal statute, the extent of prior

activity in the state system, the prejudice to both parties, the effect on the substantive rights of the parties and any intervening equities." *Refco, Inc. v. Galadari*, 755 F. Supp. 79, 83 (S.D.N.Y. 1991). "The extent of prior state court proceedings weighs heavily in a determination of whether a delay in removal is justified." *Hyundai Corp. v. Republic of Iraq*, No. 02-cv-7199 (RCC), 2003 WL 22251349, at *2 (S.D.N.Y. Sept. 30, 2003); *see also Steward v. Garrett*, 935 F. Supp. 849, 854 (E.D. La. 1996) ("The greatest weight . . . is given to the extent the case has progressed in state court prior to removal by the foreign state."); *see also Talbot v. Saipem A.G.*, 835 F. Supp. 352, 355 (S.D. Tex. 1993) ("[U]ntimely removal is generally allowed when there has been little prior activity in the state court.").

13.     Here, an enlargement of the deadline is warranted because virtually nothing has transpired in state court. This Court has generally declined to extend removal deadlines for foreign states only in cases where significant litigation has occurred in state court prior to removal. *See, e.g., Boland v. Bank Sepah-Iran*, 614 F. Supp. 1166, 1169 (S.D.N.Y.1985) ("removal should be rejected based on the extent to which this action had progressed in state court"); *Boskoff v. Boeing Co.*, 1984 WL 1066 (S.D.N.Y. Oct. 19, 1984) (declining to enlarge removal deadline after over five years of litigation in state court). That is not the case here. This suit, which was filed fewer than three months ago, is in its infancy. There is no scheduling order, discovery has not begun, and no dispositive motions have been filed. Indeed, the Republic has not filed a single document in state court, and counsel have not yet appeared.[2]

---

[2] On March 15, 2019, Mr. Reinaldo Enrique Muñoz Pedroza filed a motion, styled as a letter, requesting a stay of proceedings. NYSCEF Doc. 15. Mr. Muñoz Pedroza purports to be the "Acting Attorney General of the Bolivarian Republic of Venezuela." As Plaintiffs point out, he is an agent of the Maduro regime without legal standing to represent the Republic. Accordingly, this Court should disregard his letter for the purposes of assessing the extent of state court activity.

14.     There are also significant "intervening equities," *Refco*, 755 F. Supp. at 83,  that weigh in favor of an enlargement of the removal deadline. Venezuela is in crisis. Fewer than two weeks after Plaintiffs filed this suit, Mr. Guaidó ratified the application of Article 233 and announced his assumption of the interim presidency.  Although the United States has recognized President Guaidó, the Republic faces significant humanitarian, economic, and political challenges.  The Republic's ability to respond to foreign litigation has been diminished.  Other courts have granted the Republic a 120-day stay of all deadlines in light of the extraordinary conditions facing the Republic.  *See* Clerk's Order [1773506], *Rusoro Mining Ltd. v. Republic of Venezuela*, No. 18-7044 (D.C. Cir. Feb. 14, 2019).  Considering these circumstances, the equities weigh in favor of a modest enlargement of the Republic's removal deadline.

15.     An enlargement of the deadline is further warranted to effectuate the purposes of the FSIA. "The general purposes of section 1441(d) are to channel claims against foreign states to federal court and to allow for a uniform body of law concerning foreign states to emerge in the federal courts." *Hyundai Corp.*, 2003 WL 22251349, at *2; *see* H.R. Rep. No. 94-1487 at 32 (1976). This case implicates important questions related to the sovereignty of the Republic and its obligations under a contract related to foreign bonds. Accordingly, the objectives of the FSIA would be best served if the case is litigated in federal court.

16.     The remaining factors do not militate against enlargement of the removal deadline.  Plaintiffs cannot credibly argue that they will suffer prejudice if the case is litigated in federal court instead of state court.  Similarly, litigating the case in federal court would have no impact on the substantive rights of any party.

17.     Several decisions of this Court have also considered the length of the delay in determining whether to enlarge a foreign state's removal deadline.  In some cases, this Court has

declined to enlarge removal deadlines where a foreign state waited many years to remove. *See, e.g, Boskoff v. Boeing Co.*, No. 83 CIV. 2756 (IBW), 1984 WL 1066, at *3 (S.D.N.Y. Oct. 19, 1984) (declining to enlarge removal deadline where foreign state removed five years late). But there is no bright-line rule. In *Refco*, this Court found good cause to enlarge the removal deadline despite the foreign state waiting over five years to remove the case:

> This court does not condone the Committee's action in waiting over five years to remove the case. This court, however, finds that good cause has been shown because of the importance of this case being in federal court to effectuate the purpose and intent of the FSIA in creating a uniform body of law and the fact that no substantial proceedings have taken place in the state court.

755 F.Supp. at 84. In any event, the modest delay in this case is measured in weeks, not years. Considering the circumstances, an enlargement of the deadline is both reasonable and appropriate.

## II. The Republic Did Not Waive Its Right To Remove.

18.     Plaintiffs erroneously assert in their Complaint that the Republic has waived its right to remove this case. Compl. ¶ 6. Specifically, Plaintiffs argue that a forum-selection provision of the contract at the center of this dispute forecloses removal. The provision reads as follows:

> The Issuer agrees that any suit, action or proceeding . . . shall be brought exclusively in the Supreme Court of the State of New York, County of New York; in the United States District Court for the Southern District of New York; in the courts of England that sit in London; or in the courts of Venezuela that sit in Caracas, as the person bringing such Related Proceeding may elect in its sole discretion . . . .

NYSCEF Doc. 3 at p. 28.

19.     "Courts have been extremely hesitant to find that a foreign state has waived its right to remove an action." *Refco, Inc.*, 755 F. Supp. at 83. Waiver occurs only where the foreign

state clearly and unequivocally relinquishes its right to remove. *See, e.g.*, *Elliott Assocs., L.P. v. Republic of Panama*, No. 96 CIV. 5295 (DC), 1996 WL 474173, at *2 (S.D.N.Y. Aug. 21, 1996) (waiver where contractual provision required foreign state to "irrevocably waive[] any right . . . to remove to a United States federal court"); *In re Delta America Re Ins. Co.*, 900 F.2d 890, 894 (6th Cir. 1990) ("We hold that any claimed waiver of the right of removal stemming from contractual language must be explicit . . . ."); *In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1243 (3d Cir. 1994) ("[I]t would contravene strong public policy to permit a less than absolutely unequivocal contractual provision to divest a federal district court of FSIA subject matter jurisdiction . . . ."); *Fabe v. Aneco Reinsurance Underwriting Ltd.*, 784 F. Supp. 448, 451 (S.D. Ohio 1991) ("Absent a valid, explicit waiver, a foreign state enjoys an absolute right of removal of a case to federal court.").

20.     Here, the forum selection provision merely furnishes the list of courts where a party may *initiate* a suit under the agreement. Nowhere did the Republic explicitly and unequivocally relinquish its right to *remove*. Indeed, the provision makes no mention of removal at all.

21.     The Second Circuit's decision in *Proyecfin de Venezuela, S.A. v. Banco Indus. de Venezuela, S.A.*, 760 F.2d 390 (2d Cir. 1985), is particularly instructive. The forum selection clause at issue in *Proyecfin* provided:

> [The parties] agree[] that any legal action or proceedings arising out of or in connection with this Agreement may be brought in the High Court of Justice in England, the Courts of the State of New York, the Courts of the United States of America in New York or the Courts of the city of Caracas, Venezuela, [and] irrevocably submit[] to the jurisdiction of each such court . . . .

Plaintiffs-Appellees' Brief at 5, *Proyecfin de Venezuela, S.A. v. Banco Indus. de Venezuela, S.A.*, No. 92-7523 (2d Cir. filed July 29, 1992). Noting the important interests served by the

FSIA's removal provisions, the Second Circuit held that the forum selection clause at issue—which "merely puts jurisdiction in either a federal or state court"—"does not constitute an express or implied waiver of the sovereign's right to remove under § 1441(d)." 760 F.2d at 397.

22. The same goes for the forum selection clause here. Because no provision of the agreement explicitly and unequivocally precludes removal to federal court, the Republic has not waived its right to remove.

**III.    All Other Removal Requirements Are Satisfied.**

23. In accordance with 28 U.S.C. § 1446(d), the Republic will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York in and for the County of New York.

24. As evidenced by the attached certificate of service, a copy of this Notice of Removal is being served by United States Mail on counsel for Plaintiffs as required by 28 U.S.C. § 1446(d).

25. By filing this Notice of Removal, the Republic does not waive any defense that may be available and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, the Republic respectfully requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Defendant the Bolivarian Republic of Venezuela hereby removes this action from the Supreme Court of New York in and for the County of New York, to the United States District Court for the Southern District of New York.

Dated: April 8, 2019

*/s/ Kent A. Yalowitz*

Kent A. Yalowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: +1 212.836.8000
Fax: +1 212.836.8689
kent.yalowitz@arnoldporter.com

E. Whitney Debevoise*
Stephen K. Wirth
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001-3743
Telephone: +1 202.942.5000
Fax: +1 202.942.5999
stephen.wirth@arnoldporter.com

* *pro hac vice* motion forthcoming

*Attorneys for the Bolivarian Republic of Venezuela*

## CERTIFICATE OF SERVICE

I certify that on April 8, 2019, a copy of the foregoing Notice of Removal is being served upon counsel for Plaintiffs as required by 28 U.S.C. § 1446(d) by email and regular United States mail, postage prepaid, at the following address listed in the Complaint:

Matthew D. McGill
Gibson Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036


Dated: April 8, 2019               */s/ Kent A. Yalowitz*_____
                                    Kent A. Yalowitz