# Arnold&Porter

**Kent A. Yalowitz**
+1 212.836.8344 Direct
Kent.Yalowitz@arnoldporter.com

August 29, 2019

**BY HAND AND ECF**

Hon. Colleen McMahon
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:    *Venezuelan Debt Cases*
>
> > *White Beech SNC v. PDVSA*, No. 18 Civ. 4148-PGG
> > *Casa Express Corp. v. Venezuela*, No. 18 Civ. 11940-AT
> > *Red Tree Investments v. PDVSA*, No. 19 Civ. 2519-AJN
> > *Red Tree Investments v. PDVSA*, No. 19 Civ. 2523-AJN
> > *Dresser-Rand Co. v. PDVSA*, No. 19 Civ. 2689-LLS
> > *Pharo Gaia Fund Ltd. v. Venezuela*, No. 19 Civ. 3123-AT
> > *Lovati v. Venezuela*, No. 19 Civ. 4793-ALC
> > *Lovati v. Venezuela*, No. 19 Civ. 4796-ALC
> > *Lovati v. PDVSA*, No. 19 Civ. 4799-ALC

Dear Chief Judge McMahon:

We represent the Bolivarian Republic of Venezuela ("the Republic") in four of the nine cases referenced above. We write to Your Honor in your capacity as chair of the Court's Assignment Committee to request that the Assignment Committee assign to a single Judge of this Court all pending and future debt cases brought against the Republic and its instrumentalities, including cases against the Venezuelan national oil company, Petróleos de Venezuela, S.A. ("PDVSA").[1]

---

[1]    Curtis, Mallet-Prevost, Colt & Mosle LLP represents PDVSA in *White Beech* (No. 18 Civ. 4148), and Hogan Lovells LLP represents PDVSA in *Red Tree Investments* (Nos. 19 Civ. 2519 and 2523), *Dresser-Rand Co.* (No. 19 Civ. 2689), and *Lovati* (No. 19 Civ. 4799). PDVSA joins in this application.

# Arnold&Porter

Hon. Colleen McMahon
August 29, 2019
Page 2

As Your Honor is aware, the Republic currently faces a political, humanitarian, and economic crisis of unprecedented proportions.  Amidst the ongoing crisis, some holders of debt instruments issued by the Republic and PDVSA have begun filing lawsuits against the Republic and PDVSA.  At this time, nine cases have been filed in the District and assigned to Judges Torres, Nathan, Stanton, Gardephe, and Carter.  We expect that more cases may be filed in the coming months.

To ensure the orderly administration of justice, the Republic respectfully requests that the Court assign the nine-above referenced cases to a single District Judge and continue to assign all future debt cases against the Republic and/or PDVSA to that Judge going forward.

## Background

During the regimes of Hugo Chávez and Nicolás Maduro, the Venezuelan economy was systematically destroyed through nationalizations, expropriations, over-indebtedness, and corruption.

On January 10, 2019, the freely and fairly elected Venezuelan National Assembly determined, in accordance with the Venezuelan constitution, that the presidency was vacant because the Mr. Maduro had claimed victory in a fraudulent election. On January 23, National Assembly President Juan Guaidó, supported by the democratically elected National Assembly, assumed the interim Presidency of Venezuela in an effort to restore democracy and constitutional rule. The United States immediately recognized Mr. Guaidó as the legitimate interim President of Venezuela and rejected the legitimacy of the Maduro regime.[2]

Mr. Maduro has nevertheless refused to relinquish his position and has refused to surrender control of state organs, such as the Ministry of Foreign Affairs and the Ministry of Justice. Under U.S. law, however, the Maduro government is not recognized by the courts—only the Guaidó government and the National Assembly are so recognized, and only the Guaidó government may appear in U.S. courts to represent the interests of the Venezuelan people. *See Rusoro Mining Limited v. Bolivarian Republic of Venezuela*, No. 18-7044, Order (D.C. Cir. May 1, 2019); *see also Crystallex v. Republic of Venezuela*,

---

[2]    *See* U.S. Sec'y of State Mike Pompeo, U.S. Dep't of State, *U.S. Government Support for the Democratic Aspirations of the Venezuelan People*, https://www.state.gov/u-s-government-support-for-the-democratic-aspirations-of-the-venezuelan-people/#crisis.

# Arnold&Porter

Hon. Colleen McMahon
August 29, 2019
Page 3

2019 WL 3403888, at *4 n.2 (3d Cir. July 29, 2019); *Jiménez v. Palacios*, 2019 Del. Ch. LEXIS 288, at *21-22 (Del. Ch. Aug. 2, 2019).

In addition to contending with a constitutional crisis, the Guaidó government and the National Assembly face an unprecedented economic and humanitarian crisis in Venezuela. The policies of former presidents Maduro and Chávez, combined with rampant corruption, destroyed Venezuela's infrastructure and domestic production capacity, leading to "the biggest economic collapse in human history outside of war or state collapse."[3]

In response to the crisis, the Guaidó government, together with the National Assembly, is formulating a comprehensive plan for addressing the humanitarian crisis, to be followed by a sustainable economic recovery plan, to be supported by the international community, and an orderly, consensual debt restructuring of all of the legitimate claims against the Republic and its state-owned enterprises.

## Pending Lawsuits

The Republic and its state-owned enterprises currently face $155 billion in claims arising from outstanding debt instruments and claims of expropriation of foreign investment in Venezuela.  As part of the process of rebuilding Venezuela's economy, the Republic will need to respond to all claims and come to terms with all its creditors.  It is the policy of the Interim Government to seek a fair and orderly settlement of all reconciled claims against the Republic and its public sector entities as promptly as possible.

At this time, most holders of Venezuelan debt instruments have determined that it is in their interest not to commence litigation.  A committee of creditors represented by Guggenheim Securities and the Cleary Gottlieb law firm, issued a statement on July 9, 2019, that: "A new Venezuelan government must be given time to address the urgent humanitarian needs of its citizens without the distraction and expense of ongoing litigation. However, any measures to stay litigation must not fundamentally impair the rights of creditors or undermine Venezuela's ability to attract private capital."[4]

---

[3]    Ricardo Hausmann, Director of the Center for International Development, Harvard University, *Understanding Venezuela's Collapse*, Harvard Gazette (Feb. 12, 2019), https://news.harvard.edu/gazette/story/2019/02/Harvard-expert-tries-to-make-sense-of-venezuelas-collapse/.

[4]    Statement of Venezuela Creditors Committee:  Restructuring Principles and Framework (July 9, 2019), quoted in Colby Smith, "Bondholders propose Venezuela debt restructuring plan, *Financial Times* (July 9, 2019), available at https://www.ft.com/content/debde108-a24b-11e9-a282-2df48f366f7d.

**Arnold&Porter**

Hon. Colleen McMahon
August 29, 2019
Page 4

However, in recent months, nine actions have been commenced in this Court, as follows:

**1.  *White Beech SNC v. PDVSA*, No. 18 Civ. 4148-PGG**

Plaintiff commenced this action on May 9, 2018, seeking a judgment for non-payment of debt instruments issued by PDVSA, and effected service on May 11, 2018. The case was randomly assigned to Judge Gardephe.

On February 9, 2019, with the consent of Plaintiff, Judge Gardephe stayed the case indefinitely on the basis of Executive Order 13850, which, *inter alia*, blocks the transfer of certain property related to the Venezuelan oil sector, including property held by PDVSA.

**2.  *Casa Express Corp. v. Venezuela*, No. 18 Civ. 11940-AT**

Plaintiff commenced this action on December 18, 2018, seeking a judgment for non-payment of debt instruments issued by the Republic, and effected service on January 23, 2019.  The case was randomly assigned to Judge Torres.

On March 22, 2019, Judge Torres granted an application by Plaintiff to strike a purported filing by representatives of Mr. Maduro.  On April 1, 2019, Plaintiff obtained a Clerk's Certificate of Default.  On April 15, 2019, Judge Torres *sua sponte* ordered the parties to confer about whether they intend to file a joint stipulation vacating the Certificate of Default.  On June 26, Judge Torres held an initial conference.  At that conference, the Republic indicated that it intended to seek a stay in light of the unprecedented humanitarian crisis facing the Republic.  On July 8, 2019, Judge Torres set the following schedule for proceedings:

1. All discovery shall be completed no later than November 5, 2019;

2. By December 5, 2019, Plaintiffs shall file a consolidated motion for summary judgment

3. By January 16, 2020, Defendant shall file its opposition to Plaintiffs' motion for summary judgment along with its cross-motion for a stay;

4. By February 6, 2020, Plaintiffs shall file their consolidated reply in support of their motion for summary judgment along with their opposition to Defendant's cross-motion; and

## Arnold&Porter

Hon. Colleen McMahon
August 29, 2019
Page 5

> 5. By February 27, 2020, Defendant shall file its reply in support of its cross-motion.

The parties are engaged in the initial discovery process as of the date of this letter.

### 3.  *Red Tree Investments v. PDVSA*, No. 19 Civ. 2519-AJN

Plaintiff commenced this action on February 15, 2019, in the Supreme Court of the State of New York in and for New York County, seeking a judgment for non-payment of debt instruments issued by PDVSA and guaranteed by PDVSA Petróleo, S.A.  Plaintiff effected service on February 19, 2019.

On March 21, 2019, Defendants removed the case to this Court.  The case was randomly assigned to Judge Nathan.  On March 27, 2019, Defendants filed a motion to stay.  Plaintiff reinstated its motion for summary judgment in lieu of complaint pursuant to CPLR 3213 on April 11, 2019.  On April 19, 2019, Judge Nathan adjourned Defendants' deadline to oppose Plaintiff's motion for summary judgment pending a decision on Defendants' stay motion.  On May 6, 2019, Judge Nathan granted Defendants' motion to stay.  On August 8, 2019, Plaintiff filed a motion to vacate the stay, which Defendants opposed.

The motion to vacate was fully briefed as of August 26, 2019 and is awaiting a decision as of the date of this letter.

### 4.  *Red Tree Investments v. PDVSA*, No. 19 Civ. 2523-AJN

Plaintiff commenced this action on February 15, 2019, in the Supreme Court of the State of New York in and for New York County, seeking a judgment for non-payment of debt instruments issued by PDVSA and guaranteed by PDVSA Petróleo, S.A.  Plaintiff effected service on February 19, 2019.

On March 21, 2019, Defendants removed the case to this Court.  Defendants filed a Related Case Statement, and Judge Nathan accepted the case as related to *Red Tree Investments* (No. 19 Civ. 2519).  Following that acceptance, Judge Nathan has managed this case on the same track and under the same schedule as the *Red Tree Investments* case discussed above (No. 19 Civ. 2519-AJN).

# Arnold&Porter

Hon. Colleen McMahon
August 29, 2019
Page 6

### 5. *Dresser-Rand Co. v. PDVSA*, No. 19 Civ. 2689-LLS

Plaintiff commenced this action on February 26, 2019, in the Supreme Court of the State of New York in and for New York County, seeking a judgment for non-payment of debt instruments issued by PDVSA and guaranteed by PDVSA Petróleo, S.A.  Plaintiff effected service on February 27, 2019.

On March 26, 2019, Defendants removed the case to this Court.  The case was randomly assigned to Judge Stanton.  On June 3, 2019, following a pre-motion conference, Defendants moved pursuant to Fed. R. Civ. P. 56(d) to stay or defer consideration of Plaintiff's motion for summary in lieu of complaint.

On July 3, 2019, Judge Stanton issued an order granting Defendants' motion for relief pursuant to Rule 56(d) and deferred consideration of Plaintiff's motion for 120 days.

On August 19, 2019, Plaintiff filed a letter requesting a briefing schedule on its summary judgment motion, a stay of discovery, and a pre-motion conference on its contemplated motion for a preliminary injunction. Defendants filed a response on August 26, 2019.  Judge Stanton scheduled a conference for September 6, 2019 to address Plaintiff's foregoing requests.

### 6. *Pharo Gaia Fund Ltd. v. Venezuela*, No. 19 Civ. 3123-AT

Plaintiffs commenced this action on January 11, 2019, in the Supreme Court of the State of New York in and for New York County, seeking a judgment for non-payment of debt instruments issued by the Republic.  Plainitffs effected service on January 14, 2019.

On April 8, 2019, the Republic removed the case to this Court.  The Republic filed a Related Case Statement, and Judge Torres accepted the case as related to *Casa Express* (No. 18 Civ. 11940-AT), discussed above.  Following that acceptance, Judge Torres has managed this case on the same track and under the same schedule as the *Casa Express* case.

### 7. *Lovati v. Venezuela*, No. 19 Civ. 4793-ALC

Plaintiffs commenced this action on May 23, 2019, seeking a judgment for non-payment of debt instruments issued by the Republic.  The case was randomly assigned to Judge Carter.

**Arnold&Porter**

Hon. Colleen McMahon
August 29, 2019
Page 7

On June 11, 2019, Judge Carter issued an *ex parte* order to permit alternative service on the Republic's Embassy.  (The Republic objects to such service and reserves all rights concerning such service.)  On June 12, 2019, Plaintiffs purported to effect service of process on the Mission of the Republic to the United Nations.  On August 20, 2019, the Clerk entered a Certificate of Default.

On July 31, 2019, Counsel for the Republic requested that the case be assigned to Judge Torres as related to the *Casa Express* and *Pharo Gaia* cases.  On August 20, 2019, Judge Carter denied that request without explanation.

### 8.  *Lovati v. Venezuela*, No. 19 Civ. 4796-ALC

Plaintiffs commenced this action on May 23, 2019, seeking a judgment for non-payment of debt instruments issued by the Republic.  The case was randomly assigned to Judge Swain.

On May 31, 2019, Plaintiffs wrote to Judge Swain stating that the case is related to the *Lovati* cases pending before Judges Carter and Batts, and that Plaintiffs were unaware of any other related cases pending in this Court.  On June 5, 2019, the case was reassigned to Judge Carter.  Following that reassignment, Judge Carter has managed this case on the same track and under the same schedule as the *Lovati* case discussed above.

### 9.  *Lovati v. PDVSA*, No. 19 Civ. 4799-ALC

Plaintiffs commenced this action on May 23, 2019, seeking a judgment for non-payment of debt instruments issued by PDVSA.  The case was randomly assigned to Judge Batts.

On May 31, 2019, Plaintiffs wrote to Judge Batts stating that the case is related to the *Lovati* cases pending before Judges Carter and Swain, and that Plaintiffs were unaware of any other related cases pending in this Court.  On June 5, 2019, the case was reassigned to Judge Carter.  Following that reassignment, Judge Carter has managed this case on the same track and under the same schedule as the *Lovati* cases discussed above.

On August 28, 2019, PDVSA moved to dismiss the complaint or, in the alternative, to stay proceedings for 120 days.

# Arnold&Porter

Hon. Colleen McMahon
August 29, 2019
Page 8

## Basis for Request

The nine cases described above raise overlapping factual and legal questions. Many involve similar or identical claims concerning similar or identical sovereign debt (public bonds and notes). Of these nine cases, seven have been designated as "related," but those seven are currently assigned to three different judges. The other three cases are pending before two other judges. One of the three judges with related cases received them on the basis that they were the *only* such related cases in the District, which was incorrect.

These nine cases represent the first wave of what could be many more cases brought by the Republic's creditors. In light of the complexity and scope of such a judicial undertaking, the Republic respectfully submits that the assignment of all Venezuelan sovereign debt cases to one District Judge would ensure the orderly administration of justice.

The legal and factual regime is complex, involving an unprecedented humanitarian emergency; an unparalleled economic collapse; a foreign nation's constitutional crisis; the recognized government's limited access to financial, informational, and other resources; and U.S. foreign policies concerning Venezuela.

Fractured adjudication of claims concerning similar (and in some cases identical) debts and assets has a high likelihood of subjecting the parties to conflicting orders, not to mention conflicting calendars and briefing schedules. But, even if each District Judge were to reach precisely the same factual and legal conclusions in each case, there would still be a substantial duplication of effort and expense, delay, and undue burden on the Court, on the Republic and PDVSA, and on potential claimants and creditors.

Prior complex sovereign debt cases in this Court have been assigned to a single District Judge. For example, more than 100 debt cases against the Republic of Argentina were all before Judge Griesa.[5]

---

[5]    *See, e.g.*, Case Nos. 02 Civ. 1773 (TPG), 02 Civ. 3804 (TPG), 02 Civ. 3808 (TPG), 02 Civ. 4124 (TPG), 03 Civ. 1680 (TPG), 03 Civ. 2507 (TPG), 03 Civ. 4693 (TPG), 03 Civ. 6268 (TPG), 03 Civ. 8120 (TPG), 03 Civ. 8845 (TPG), 03 Civ. 9538 (TPG), 04 Civ. 1077 (TPG), 04 Civ. 3313 (TPG), 04 Civ. 3314 (TPG), 04 Civ. 6137 (TPG), 04 Civ. 6594 (TPG), 04 Civ. 7504 (TPG), 05 Civ. 177 (TPG), 05 Civ. 178 (TPG), 05 Civ. 2434 (TPG), 05 Civ. 2943 (TPG), 05 Civ. 3089 (TPG), 05 Civ. 3955 (TPG), 05 Civ. 4085 (TPG), 05 Civ. 4246 (TPG), 05 Civ. 4299 (TPG), 05 Civ. 4466 (TPG), 05 Civ. 5197 (TPG), 05 Civ. 6002 (TPG), 05 Civ. 6200 (TPG), 05 Civ. 6599 (TPG), 05 Civ. 8195 (TPG), 05 Civ. 8687 (TPG), 05 Civ. 10636 (TPG), 06 Civ. 207 (TPG), 06 Civ. 3196 (TPG), 06 Civ. 3197 (TPG), 06 Civ. 3198 (TPG), 06 Civ. 3276 (TPG), 06 Civ. 6032 (TPG), 06 Civ. 6466 (TPG), 06 Civ. 7100 (TPG), 06 Civ. 7151 (TPG), 06 Civ. 7792

# Arnold&Porter

Hon. Colleen McMahon
August 29, 2019
Page 9

We are making this request directly to the Assignment Committee, rather than in each individual case as it is filed, because we believe that a centralized assignment decision is required under the circumstances.  We also note that there have been inconsistent decisions with regard to the assignment process to date.

Judge Torres accepted *Pharo Gaia Fund v. Venezuela*, No. 19 Civ. 3123, as related to *Casa Express Corp. v. Venezuela*, No. 18 Civ. 11940.

Judge Swain reassigned *Lovati v. Venezuela*, No. 19 Civ. 4796 to Judge Carter as related to *Lovati v. Venezuela*, No. 19 Civ. 4793.

Judge Batts reassigned *Lovati v. PDVSA*, No. 19 Civ. 4799 to Judge Carter as related to *Lovati v. Venezuela*, No. 19 Civ. 4793.

However, on August 20, 2019, Judge Carter denied the Republic's unopposed request to reassign Nos. 19 Civ. 4793 and 4796, to Judge Torres.

## Conclusion

The Republic does not make this request on the basis of any dissatisfaction concerning the work of any of the five members of this Court presently assigned to cases concerning debt obligations of the Republic and its instrumentalities.  Rather, the Republic is making this request because fractured administration of these cases will be

---

(TPG), 07 Civ. 98 (TPG), 07 Civ. 689 (TPG), 07 Civ. 937 (TPG), 07 Civ. 1910 (TPG), 07 Civ. 2690 (TPG), 07 Civ. 2693 (TPG), 07 Civ. 2715 (TPG), 07 Civ. 5807 (TPG), 07 Civ. 6563 (TPG), 07 Civ. 7248 (TPG), 07 Civ. 10656 (TPG), 07 Civ. 10657 (TPG), 07 Civ. 11327 (TPG), 07 Civ. 11382 (TPG), 07 Civ. 11495 (TPG), 07 Civ. 11497 (TPG), 08 Civ. 440 (TPG), 08 Civ. 2541 (TPG), 08 Civ. 3302 (TPG), 08 Civ. 4902 (TPG), 08 Civ. 5436 (TPG), 08 Civ. 6625 (TPG), 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG), 09 Civ. 8275 (TPG), 09 Civ. 8299 (TPG), 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG), 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG), 10 Civ. 4101 (TPG), 10 Civ. 4300 (TPG), 10 Civ. 4782 (TPG), 10 Civ. 5338 (TPG), 10 Civ. 8339 (TPG), 10 Civ. 9587 (TPG), 11 Civ. 4908 (TPG), 11 Civ. 8817 (TPG), 13 Civ. 8887 (TPG), 14 Civ. 8946 (TPG), 14 Civ. 8947 (TPG), 14 Civ. 8630 (TPG), 14 Civ. 8303 (TPG), 14 Civ. 8242 (TPG), 14 Civ. 4092 (TPG), 14 Civ. 4091 (TPG), 14 Civ. 7258 (TPG), 14 Civ. 10016 (TPG), 14 Civ. 10064 (TPG), 14 Civ. 7637 (TPG), 14 Civ. 8739 (TPG), 14 Civ. 1109 (TPG), 14 Civ. 3127 (TPG), 14 Civ. 5849 (TPG), 14 Civ. 5963 (TPG), 14 Civ. 7164 (TPG), 14 Civ. 7166 (TPG), 14 Civ. 7169 (TPG), 14 Civ. 7171 (TPG), 14 Civ. 7739 (TPG), 14 Civ. 8243 (TPG), 14 Civ. 8601 (TPG), 14 Civ. 8988 (TPG), 14 Civ. 9093 (TPG), 14 Civ. 9855 (TPG), 14 Civ. 10141 (TPG), 14 Civ. 10201 (TPG), 15 Civ. 710 (TPG), 15 Civ. 1470 (TPG), 15 Civ. 1471 (TPG), 15 Civ. 1508 (TPG), 15 Civ. 1553 (TPG), 15 Civ. 1588 (TPG), 15 Civ. 2369 (TPG), 15 Civ. 2577 (TPG), 15 Civ. 2611 (TPG), 15 Civ. 3523 (TPG), 15 Civ. 3932 (TPG), 15 Civ. 4284 (TPG), 15 Civ. 4654 (TPG), 15 Civ. 4767 (TPG), 15 Civ. 5190 (TPG), 15 Civ. 5886 (TPG), 15 Civ. 6702 (TPG), 15 Civ. 7367 (TPG), 16 Civ. 1042 (TPG), 16 Civ. 1192 (TPG), 16 Civ. 1436 (TPG).

# Arnold&Porter

Hon. Colleen McMahon
August 29, 2019
Page 10

costly and potentially harmful to the citizens of Venezuela, will require duplication of judicial effort, and risks disparate treatment of similarly situated plaintiffs.

   For the foregoing reasons, the Republic respectfully requests that the Court assign all pending Venezuelan debt cases to one District Judge.

        Respectfully submitted,

        Kent A. Yalowitz

cc:  Hon. Andrew L. Carter, Jr.
   Hon. Paul G. Gardephe
   Hon. Allison J. Nathan
   Hon. Louis L. Stanton
   Hon. Analisa Torres

   ALL ECF COUNSEL