# Arnold & Porter

**Kent A. Yalowitz**
+1 212.836.8344 Direct
Kent.Yalowitz@arnoldporter.com

September 9, 2019

<u>**BY HAND AND ECF**</u>

Hon. Colleen McMahon
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Venezuelan Debt Cases*

          *White Beech SNC v. PDVSA*, No. 18 Civ. 4148-PGG
          *Casa Express Corp. v. Venezuela*, No. 18 Civ. 11940-AT
          *Red Tree Investments v. PDVSA*, No. 19 Civ. 2519-AJN
          *Red Tree Investments v. PDVSA*, No. 19 Civ. 2523-AJN
          *Dresser-Rand Co. v. PDVSA*, No. 19 Civ. 2689-LLS
          *Pharo Gaia Fund Ltd. v. Venezuela*, No. 19 Civ. 3123-AT
          *Lovati v. Venezuela*, No. 19 Civ. 4793-ALC
          *Lovati v. Venezuela*, No. 19 Civ. 4796-ALC
          *Lovati v. PDVSA*, No. 19 Civ. 4799-ALC

Dear Chief Judge McMahon:

    I write in response to Your Honor's letter of September 4, 2019.

    **1.** In the September 4 letter Your Honor posed the following first set of questions:

    First, have cases been filed against the Republic, PVDSA or both in courts other than this one and the New York State Supreme Court? If they have, has application been made to the Judicial Panel on Multi-District Litigation for consolidation of all such cases before a single court? Do you have reason to think that Venezuelan Debt Cases cases will ***not*** be filed elsewhere? If cases are filed elsewhere, is the Republic (or PVDSA) planning to seek MDL treatment?

**Arnold&Porter**

Hon. Colleen McMahon
September 9, 2019
Page 2

**Our response:** Cases have been filed against the Republic and PDVSA in courts outside of New York, but none of them concerns sovereign debt.  Cases have been filed asserting expropriation claims allegedly cognizable under the Foreign Sovereign Immunities Act,[1] seeking confirmation of arbitral awards arising out of expropriation claims subject to arbitral agreements,[2] alleging fraudulent transfer of assets that may be subject to execution,[3] or claiming breaches of contracts against PDVSA's procurement subsidiary Bariven S.A.,[4] among others.

However, all sovereign debt cases have been filed in New York.  That is because the debt instruments at issue include forum-selection clauses selecting New York City as the parties' chosen forum.  Most of the cases pending in this District concern publicly issued debt, although the *White Beech*, *Red Tree*, and *Dresser* cases involve debt instruments that arose out of commercial relationships.  The public and private debt cases are all likely to raise a number of similar and overlapping issues, including common discovery issues and issues arising from the transition of the government to the Guaidó administration, as well as the political and humanitarian crisis in Venezuela.  The adjudication of the debt cases by a single judge will allow more efficient and coordinated management of these issues, conserving judicial resources and the scarce resources available to the Republic at this time.

At this juncture, we are not considering seeking MDL treatment of cases filed outside of New York, because the cases do not present a clear case for MDL treatment, given the disparate discovery and legal issues that have thus far appeared.  In contrast, we believe that the similarities among the debt cases—including the similarity of the debt instruments, the shared factual background, and the Republic's desire to treat similarly situated plaintiffs similarly—favors assignment to a single judge, as this Court did in the Argentina sovereign debt cases.  *See also* Manual for Complex Litigation §§ 10.12, 20.11.

---

[1]    *E.g.*, *Comparelli v. Venezuela*, No. 14-cv-24414 (S.D. Fla.), *Helmerich & Payne International Drilling Co. v. Venezuela*, No. 11-cv-1735 (D.D.C.).

[2]    *E.g.*, *Rusoro Mining Ltd. v. Venezuela*, No. 16-cv-2020 (D.D.C.), *Crystallex International Corp. v. Venezuela*, No. 16-661 (D.D.C.)..

[3]    *E.g.*, *Rusoro Mining Ltd. v. Venezuela*, No. 4:18-cv-1458 (S.D. Tex.), *ConocoPhillips Petrozuata B.V. v. PDVSA*, Nos. 17-cv-28 & 16-cv-904 (D. Del.).

[4]    *E.g. Hoover Materials Handling Group, Inc. v. Bariven S.A. et al.*, No. 4:19-cv-01798 (S.D. Tex.), *Impact Fluid Solutions LP v. Bariven S.A. et al.*, No. 4:19-cv-00652 (S.D. Tex.), *CLADirect, Inc. v. Bariven, S.A. et al.,* No. 4:19-cv-00553; *Marlew S.A. v. Bariven S.A. et al.*, No. 4:19-cv-02182 (S.D. Tex.), *Enerset Electric Ltd. v. Bariven S.A. et al.*, No. 4:19-cv-00450 (S.D. Tex.), *Bluefield Chemicals, Inc. v. Bariven S.A. et al.*, No. 4:18-cv-02350 (S.D. Tex.).

**Arnold&Porter**

Hon. Colleen McMahon
September 9, 2019
Page 3

**2.** In the September 4 letter Your Honor posed the following second set of questions:

> Second, I assume that you seek consolidation of cases against both the Republic and PDVSA on the ground that PDVSA debt is sovereign debt of Venezuela. In the cases thus far commenced, do the debt instruments so provide? Is Venezuela responsible for the debt of separately incorporated state-owned entities under Venezuelan law? Why should the oil company be treated in the same fashion as the Republic itself?

**Our response:** The Republic has not guaranteed PDVSA's debt, and PDVSA has not guaranteed the Republic's debt. Nor is the Republic responsible for the debt of separately incorporated state-owned entities under Venezuelan law. However, common factors will undoubtedly influence the two sets of cases. Historically, the vast majority of the Republic's hard currency, needed to pay debt, was generated by the oil industry. In addition, the Guaidó government has stated that, as part of its comprehensive plan to restore the Venezuelan economy and restructure the debts of the Republic and its instrumentalities, it will seek consensual treatment of claims against the Republic and its instrumentalities *pari passu*.

The Court may also be aware that one court has held the Republic and PDVSA were alter egos as of 2018, *Crystallex International Corp. v. Venezuela*, 932 F.3d 126 (July 29, 2019) (petition for rehearing en banc forthcoming), although the factual circumstances have changed materially since 2018.

It is difficult to predict at this stage the ways in which these various issues will affect the two debtors, but these uncertainties confirm our judgment that it would be most efficient for a single District Judge to adjudicate these issues in the first instance.

Respectfully submitted,

Kent A. Yalowitz

# Arnold&Porter

Hon. Colleen McMahon
September 9, 2019
Page 4

cc:     Hon. Andrew L. Carter, Jr.
        Hon. Paul G. Gardephe
        Hon. Allison J. Nathan
        Hon. Louis L. Stanton
        Hon. Analisa Torres

        ALL ECF COUNSEL