**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805-6325

CHAMBERS OF
COLLEEN McMAHON
CHIEF JUDGE

9 September 2019

Kent A. Yalowitz, Esq.
Arnold & Porter Kay Scholer LLP
250 West 55th Street
New York, New York, 10019-9710

*[stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED 9/9/19]*

Re: Your letter of August 29, 2019

Dear Mr. Yalowitz:

  After careful consideration, the Assignment Committee has concluded that this is not a matter that arises under Local Rule 13 of the Rules for Division of Business Among Judges in this District.

  First and foremost, The Local Rules for the Division of Business Among Judges do not confer rights on litigants. The Assignment Committee exists to resolve issues that arise among the judges of the court concerning relatedness. Therefore, your request for reassignment is not appropriately addressed to this Committee.

  Second, we are advised that your client has previously taken the position before other courts that the commercial debts of the Venezuelan national oil company are not sovereign debts of the Republic of Venezuela. For that reason alone, the five PDVSA cases do not qualify as "related" to the four cases against the Republic of Venezuela, within the meaning of Local Rule 13. So even if your request were appropriately addressed to the Assignment Committee, the Committee would not authorize their consolidation with cases against the Republic of Venezuela before a single judge.

  Finally, while the four cases brought against the Republic of Venezuela were accepted by two different judges as "related" under Rule 13, at no time until now did you or anyone else suggest that the cases accepted by Judge Torres were related in the Rule 13 sense to the cases accepted by Judge Carter. Moreover, your letter does not explain why the cases before Judges Torres and Carter are related *to each other* within the meaning of Local Rule 13. I also note that, per Rule 13, any request that Case B be assigned as "related" to the judge supervising Case A must be addressed in the first instance to the judge to whom Case A is assigned – not to the Assignment Committee. It does not appear that you have addressed this issue with either Judge Torres or Judge Carter.

The Committee's ruling is without prejudice to your right to seek consolidation of some or all of these cases under Fed. R. Civ. P. 42, on the ground that they involve a common question of law or fact. However, any such motion should be made before the judges assigned to the cases you seek to consolidate – not before the Assignment Committee.

Very truly yours,

*[signature]*

Colleen McMahon
Chief Judge
For the Assignment Committee

BY ECF TO THE JUDGES AND ALL COUNSEL IN THE FOLLOWING CASES:

*White Beech SNC v. PDVSA*, No. 18 Civ. 4148 (PGG)
*Casa Express Corp. v. Venezuela*, No. 18 Civ. 11940 (AT)
*Red Tree Investments v PDVSA*, No. 19 Civ. 2519 (AJN)
*Red Tree Investments v. PDVSA*, No. 19 Civ. 2523 (AJN)
*Dresser-Rand Co. v. PDVSA*, No. 19 Civ. 2689 (LLS)
*Pharo Guia Ltd. v. Venezuela*, No. 19 Civ. 3123 (AT)
*Lovati v. Venezuela*, No. 19 Civ. 4793 (ALC)
*Lovati v. Venezuela*, No. 19 Civ. 4796 (ALC)
*Lovati v. PDVSA*, No. 19 Civ. 4799 (ALC)