IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PHARO GAIA FUND LTD. and PHARO MACRO FUND LTD.,

        *Plaintiffs*,

v.

THE BOLIVARIAN REPUBLIC OF VENEZUELA,

        *Defendant*.

Case No. 19 Civ. 3123 (AT)
[rel. 18 Civ. 11940 (AT)]

**JOINT REPORT OUTLINING PARTIES' DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs, Pharo Gaia Fund Ltd. and Pharo Macro Fund Ltd. ("Plaintiffs"), and Defendant, the Bolivarian Republic of Venezuela ("the Republic"), (collectively, "the Parties") respectfully submit this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure outlining their discovery plan.

**I.    MEETING OF COUNSEL**

The Parties' counsel conferred by telephone on August 22, 2019, to discuss the matters enumerated in Fed. R. Civ. P. 26(f).

**II.    DISCOVERY/CASE MANAGEMENT PLAN**

The Parties propose the discovery plan set forth below.

    **A.    Rule 26(a) Disclosures**

The Parties exchanged initial disclosures pursuant to Rule 26(a)(1) on August 7, 2019. The Parties are unaware at this time of any issue that would result in a triable issue

1

of fact on the merits, triggering disclosure obligations under to Rule 26(a)(2) or 26(a)(3). Should either Party determine that such disclosures may be required, the Parties will promptly endeavor to come into agreement with regard to timing and form of disclosures.

### B.     Subjects on Which Discovery May Be Needed

The Republic informed Plaintiffs that it has three objectives in discovery for all cases arising out of public debt obligations:

1. Confirm that plaintiffs actually own the bonds or notes, have not transferred them, and have received DTC's proxy to assert claims.

2. Confirm that plaintiffs acquired the right to sue on the bonds or notes in due course and without fraud.

3. Confirm the identity of the plaintiffs and their beneficial owners, to ensure that these are not subject to sanctions or counterclaims by the Republic.

The parties exchanged written discovery requests on August 7, 2019. The Republic informed Plaintiffs that a substantial component of the documents sought in Plaintiffs' document requests is not presently in control of the Republic, and that if such documents are required by Plaintiffs, it will likely be impossible to meet the Court's deadline for the completion of discovery, now set for November 5, 2019.

Plaintiffs informed the Republic that they believe the case can proceed to summary judgment immediately and that, accordingly, they will move for summary judgment in November, as the Court's Order of July 8, 2019 contemplates, regardless of the status of Venezuela's responses to their discovery requests. Of course, if the Republic fails to produce documents validly requested by Plaintiffs, Plaintiffs reserve the right to seek an order compelling compliance with Plaintiffs' requests. Plaintiffs also

informed the Republic that they would be in a position to limit discovery upon the Republic's withdrawal of its affirmative defenses. The Republic said it would consider Plaintiffs' proposal.

### C. ESI

The parties do not anticipate producing large amounts of Electronically Stored Information ("ESI").

The Republic informed Plaintiff that ESI dating from the negotiation of the underlying debt instruments is either unavailable or unduly burdensome to access. The Republic informed Plaintiff that substantial ESI may be in the control of the Maduro group and inaccessible to the Republic at this time.

Plaintiff informed the Republic that its counsel anticipates no preservation issues with regard to ESI maintained by Plaintiff.

### D. Privilege Issues

The Parties do not anticipate any unusual privilege issues arising. The Parties anticipate requesting the Court to enter an order setting forth a procedure to assert privilege claims under Federal Rule of Evidence 502.

### E. Changes In Limitations on Discovery

The Parties do not anticipate asking the Court to change any limitations on discovery or impose additional limitations.

### F. Other Orders

The parties anticipate requesting the Court to enter a protective order under Rule 26(c) to maintain the confidentiality of certain information.

Dated:  September 12, 2019

                                                                               Respectfully submitted,

| */s/ Matthew D. McGill* | */s/ Kent A. Yalowitz* |
|---|---|
| Matthew D. McGill | Kent A. Yalowitz |
| GIBSON DUNN & CRUTCHER LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| 1050 Connecticut Avenue, N.W., | 250 West 55th Street |
| Washington, DC  20036 | New York, NY  10019 |
| Telephone:  202.887.3680 | Telephone: +212.836.8000 |
| mmcgill@gibsondunn.com | kent.yalowitz@arnoldporter.com |