# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Matthew D. McGill
Direct: +1 202.887.3680
Fax: +1 202.530.9662
MMcGill@gibsondunn.com

March 4, 2020

VIA ELECTRONIC MAIL

Hon. Analisa Torres
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 11940 (AT)
      *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123 (AT)

Judge Torres:

　　Plaintiffs Pharo Gaia Fund, Ltd. and Pharo Macro Fund, Ltd. ("the Funds") submit this letter requesting that the Court strike a portion of Venezuela's reply brief or, in the alternative, grant the Funds leave to file a brief of no more than five pages responding to Venezuela's new argument that a specific license is needed before entry of judgment in this case.

　　Venezuela filed its reply brief in support of its motion for a stay on February 27. In its brief, Venezuela not only disputed the Funds' assertion—made in opposition to Venezuela's motion for a stay—that entry of judgment would protect against collective-action clauses in the bonds, but also contended for the first time that the Funds must obtain a specific license from the Office of Foreign Assets Control before seeking a judgment here. ECF No. 49, at 2–6. Apparently recognizing that its new argument was not germane to its stay motion, Venezuela sought leave to file a sur-reply to address "important issues touching on foreign relations and the public fisc." ECF No. 48. The Court denied Venezuela's request. ECF No. 51. The Court explained that Venezuela "is not permitted to file a surreply as to the pending motion for summary judgment" because Venezuela had "not identified any new issues raised in Plaintiffs' replies that would merit a response." *Id.*

　　On March 3, 2020, Venezuela refiled its reply brief. ECF No. 52. Despite the Court's denial of Venezuela's request for a sur-reply in opposition to summary judgment, Venezuela has retained in toto its new argument that "The Court Should Not Enter A Judgment For The Pharo Plaintiffs Unless And Until They Produce An OFAC License." *Id.* at 2. As the heading makes clear, this is not an argument for a stay, but rather a new (and meritless) defense to liability.

GIBSON DUNN

Hon. Analisa Torres
March 4, 2020
Page 2

       The Court should strike Section I of Venezuela's reply brief and the last two sentences of the second paragraph of the introduction, and direct Venezuela to file a conforming brief. Alternatively, the Funds should be given leave to file a response of not more than five pages to Venezuela's new argument that judgment should not be entered.

Respectfully submitted,

*/s/ Matthew D. McGill*
Matthew D. McGill

cc:  Counsel of Record