# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Matthew D. McGill
Direct: +1 202.887.3680
Fax: +1 202.530.9662
MMcGill@gibsondunn.com

October 15, 2020

VIA ELECTRONIC MAIL

Hon. Analisa Torres
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123 (AT)

Dear Judge Torres:

Plaintiffs Pharo Gaia Fund, Ltd. and Pharo Macro Fund, Ltd. submit this letter in response to the October 14, 2020 letter of the Bolivarian Republic of Venezuela ("Venezuela") requesting that the Court enter a proposed judgment with language restricting Plaintiffs' rights to transfer the bonds at issue in this case. Plaintiffs respectfully request that the Court deny Venezuela's request and promptly enter judgment.

This Court has already squarely rejected Venezuela's request to include language in the judgment restricting sales of the bonds. In its Order granting summary judgment to Plaintiffs, the Court "decline[d] to impose restrictions on Plaintiffs as a condition of entering judgment." ECF No. 56, at 15. As the Court recognized, Venezuela has not presented "any reason to believe that Plaintiffs will engage in [fraud]," and Venezuela's "concerns may be addressed in the future by the federal securities laws, courts' inherent power to punish fraud on the court, and the rules of any restructuring process eventually established by Defendant." *Id.* The Court then directed Plaintiffs to "submit proposed judgments consistent with this order." *Id.* And that is precisely what Plaintiffs did.

Venezuela offers nothing new to justify deviating from this Court's summary judgment Order. Contrary to Venezuela's assertions, Plaintiffs did not "recommend" including language in the judgment that required court permission for sales of the bonds. ECF No. 60, at 1. Plaintiffs suggested that language in the alternative, and only "to the extent there is any merit to Venezuela's request." ECF No. 47, at 27. Plaintiffs' principal argument was (and is) that Venezuela's request is meritless. As Plaintiffs explained at summary judgment, the "remote possibility [of fraud by third parties] does not entitle Venezuela to special, extra-contractual considerations and procedures." *Id.* at 26.

**GIBSON DUNN**

Hon. Analisa Torres
October 15, 2020
Page 2

Venezuela's rehashed arguments for a special accommodation remain entirely without merit. Venezuela cites no law entitling it to the special judgment language it seeks, and there is none. As Venezuela's own source recognizes, the "vast majority of public company shares are owned in 'street name,'" ECF No. 60-5, at 1, and the same is true of most securities held at brokerage firms, *see* U.S. Securities and Exchange Commission, Fast Answers, https://bit.ly/3dqph1N ("When you buy securities through a brokerage firm, most firms will automatically put your securities into 'street name.'"). Yet judgments are routinely entered in cases involving the nonpayment of corporate bonds without the conditions Venezuela requests here. Venezuela offers no reason why fraud-prevention mechanisms are necessary in sovereign debt cases but no others.

That some courts have agreed to include Venezuela's proposed language does not establish an *entitlement* to that language as a matter of law. The litigation involving sovereign bonds issued by Argentina is far afield—unlike there, the bonds here do not trade widely and are subject to sanctions that generally prohibit transfer of the bonds. Moreover, Venezuela still has not cited a *single* instance in which double payment has occurred or even been alleged, let alone double payment tied to a fraudulent sale of bonds by a judgment creditor.[1]

Contrary to Venezuela's insistence, the form of Plaintiffs' proposed judgment is not "inexplicabl[e]." ECF No. 60, at 2. Venezuela fails to acknowledge that for over a week, Plaintiffs engaged in good-faith negotiations with Venezuela to accommodate its concerns, notwithstanding that the Court had already rejected Venezuela's demand for special fraud-prevention mechanisms. Plaintiffs' request for an extension of the time to file a proposed judgment was made for the express purpose of allowing more time for those discussions. *See* ECF No. 57.

Although Plaintiffs reiterated to Venezuela that its arguments lack merit, Plaintiffs proposed a compromise in an attempt to spare this Court from having to intervene. In particular, Plaintiffs offered to include language in the judgment requiring Plaintiffs and their successors and assigns to: (1) refrain from selling or otherwise transferring any of their beneficial interests in the bonds at issue in this action unless such sale or transfer also includes Plaintiffs' corresponding interests in the judgment, and (2) provide the Court and Venezuela notice of any sale or transfer of their beneficial interests at issue in this action within seven calendar days of the sale or transfer.

---

[1] The article Venezuela cites as evidence that "fraud and improper activity in the sovereign bond market is common" discusses the fabrication of bond certificates, not double recovery by judgment creditors. ECF No. 60, at 4; ECF No. 60-4.

GIBSON DUNN

Hon. Analisa Torres
October 15, 2020
Page 3

Those conditions would allow for the sale of the bonds without imposing an unnecessary burden on both Plaintiffs and the Court, while still directly resolving Venezuela's alleged concerns. The first condition would address Venezuela's concern that "a plaintiff may transfer the securities without also transferring this Court's judgment." ECF No. 60, at 3. The second condition would address Venezuela's concerns that "it will be impossible for the Republic or the Court to know—or to learn—whether or when [a transfer] had occurred," and that "it is impossible for the Republic to ensure that the Bonds are not transferred to Specially Designated Nationals and Blocked Persons." *Id.* at 3–4. But Venezuela would not agree to Plaintiffs' proposed compromise and insisted instead on a blanket requirement that court *permission* be required for *any* sale of the bonds. In light of Venezuela's refusal to reach a mutually agreeable solution, Plaintiffs filed a proposed judgment "consistent with [the Court's] order." ECF No. 56, at 15.

Plaintiffs urge the Court to adhere to its summary judgment decision and "decline[] to impose restrictions on Plaintiffs as a condition of entering judgment." ECF No. 56, at 15. Having rebuffed Plaintiffs' good-faith attempts to cooperate, Venezuela can claim no entitlement to the accommodations it now seeks. But if the Court disagrees, it should impose only the less-restrictive conditions that Plaintiffs proposed to Venezuela.

Respectfully submitted,

*/s/ Matthew D. McGill*

Matthew D. McGill

cc: Counsel of Record

GIBSON DUNN