UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHARO GAIA FUND, LTD. and PHARO MACRO FUND, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19-cv-3123 (AT) <br> Related to 18-cv-11940 (AT) |

**REPLY IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C)**

Plaintiffs Pharo Gaia Fund, Ltd. and Pharo Macro Fund Ltd. ("Plaintiffs") submit this reply in further support of their motion for a determination pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed since this Court's October 16, 2020 Final Judgment order against Defendant Bolivarian Republic of Venezuela ("Venezuela").

**I.      A Reasonable Period of Time Has Elapsed.**

Under the applicable factors, a reasonable period of time has elapsed since this Court entered judgment so as to permit execution under Section 1610(c). That is the *only* determination Plaintiffs have asked this Court to make; this is a matter of timing, and nothing else.

Venezuela fails to cite even a single case supporting its position that three months—now four—is not a reasonable period of time under Section 1610(c). Instead, immediately after stating that "representations by the foreign state of steps being taken to satisfy the judgment[,] or any steps being taken to satisfy the judgment" are relevant factors in the analysis, Venezuela avers that it "cannot reasonably be expected to make payments from Venezuela's public fisc at this time." Dkt. 72 at 3. That is the *precise* situation in which a Section 1610(c) order is appropriate—when there is no prospect of forthcoming satisfaction of the judgment. *See, e.g.*, *Owens v. Republic of Sudan*,

141 F. Supp. 3d 1, 9 (D.D.C. 2015) ("In the absence of any evidence that defendants are making efforts to pay these judgments voluntarily—and there is none here—the Court is inclined to find three months a sufficient pause."). Indeed, the only "steps" Venezuela claims to be taking to satisfy the judgment consist of the same gestures toward a debt-restructuring process that it previously advanced in January 2020 in response to Plaintiffs' motion for summary judgment, with no further progress evidently having been made. *See* Dkt. 72 at 4. Venezuela's opposition merely confirms that waiting some undefined additional amount of time is neither necessary nor appropriate.

Venezuela does not dispute—because it cannot—that two courts have already entered Section 1610(c) orders against it. *See* Dkt. 69-1 at 3. It argues only that those decisions are wrong. Dkt. 72 at 6–7. But there is simply no justification for allowing other creditors to proceed while restraining Plaintiffs from their remedies indefinitely in the hope of beginning a consensual restructuring at some unspecified point in time in the future. Like other creditors of Venezuela, Plaintiffs should be permitted to seek formal remedies to satisfy their judgment. *See, e.g.*, *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51, 54–55 (D.D.C. 2019) (noting that the political uncertainty in Venezuela and Venezuela's failure to "provide any timeline by which the debt restructuring plan will be instituted, what the plan will entail, and when plaintiff can expect satisfaction of the judgment" bolstered the "plaintiff's argument that it should be allowed to seek attachment").

**II.     Further Delay Is Unnecessary And Harmful To Plaintiffs' Interests.**

Contrary to Venezuela's suggestion, Dkt. 72 at 6, the United States' foreign policy interests are not implicated by this Court's determination of whether a reasonable period of time has elapsed under Section 1610(c). Section 1610(c)'s reasonable-period-of-time analysis, which turns on Venezuela's efforts to satisfy the judgment, is unrelated to any policy interest favoring or militating

against seizure of particular assets of Venezuela.  Nor is there any reason to demand that Plaintiffs obtain an OFAC license before seeking a determination under Section 1610(c); the dispositive factors are focused on Venezuela's efforts to satisfy the judgment (of which there have been none). *Cf. Owens*, 141 F. Supp. 3d at 11 ("Section 1610 speaks in terms of 'time,' not procedural milestones.").  Indeed, to our knowledge, no creditors of Venezuela have yet obtained an OFAC license to sell assets of Venezuela to satisfy a judgment, yet many of them already have been allowed to satisfy conditions precedent to such an execution sale.  Obtaining an order under Section 1610(c) is among the first of those steps.

Moreover, soliciting the unnecessary input of the United States will only further delay Plaintiffs' ability to seek satisfaction of their judgment against Venezuela.  Venezuela claims that it wants to put all of its creditors on "equal footing."  Dkt. 72 at 4.  In suggesting a further delay of these proceedings, Venezuela does just the opposite.  As Plaintiffs have noted previously, other creditors are moving forward with attaching and executing judgments against Venezuela and its assets.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:17-mc-00151-LPS, 2021 WL 129803 (D. Del. Jan. 14, 2021).  Plaintiffs need a Section 1610(c) order precisely so that they might gain a footing that is nearly equal to that of those creditors.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant their motion and enter an order under 28 U.S.C. § 1610(c) determining that a reasonable period of time has elapsed since entry of the judgment in this action.

Dated:  March 9, 2021

Respectfully submitted,

*/s/ Matthew D. McGill*
Matthew D. McGill
MMcGill@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC  20036
(202) 887-3680

Anne M. Champion
AChampion@gibsondunn.com
200 Park Avenue
New York, NY  10166
(212) 351-4000

*Counsel for Plaintiffs Pharo Gaia Fund, Ltd. and Pharo Macro Fund, Ltd.*