USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/27/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHARO GAIA FUND LTD. and PHARO MACRO FUND LTD.,

                Plaintiffs,

-against-

THE BOLIVARIAN REPUBLIC OF VENEZUELA,

                Defendant.

19 Civ. 3123 (AT) / rel. 18 Civ. 11940

**ORDER**

ANALISA TORRES, District Judge:

Before the Court is Plaintiffs' motion for an order finding that a "reasonable period of time" has elapsed since the Court entered judgment against Defendant pursuant to 28 U.S.C. § 1610(c). ECF No. 69. For the reasons stated below, Plaintiffs' motion is GRANTED.

## BACKGROUND

On January 11, 2019, Plaintiffs filed this lawsuit against Defendant, alleging breach of contract for its failure to make required payments on two series of bonds issued by Venezuela. ECF No. 1. On September 30, 2020, the Court granted Plaintiffs' motion for summary judgment and denied Defendant's motion for a stay. ECF No. 56. The Court entered a final judgment on October 16, 2020. Judgment, ECF No. 62. Since that date, Defendant has not made any payments on the judgment. Pl. Decl. ¶ 4, ECF No. 69-2.

## DISCUSSION

I. <u>Legal Standard</u>

Pursuant to the Foreign Sovereign Immunities Act, the property of an agency or instrumentality of a foreign state within the United States may not be attached "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any [required] notice[.]" 28 U.S.C.

§ 1610(c). The statute does not define what constitutes a "reasonable time." Factors that courts consider, however, include "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (quoting H.R. Rep. No. 1487, at 30 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6629).

II. Analysis

Seven months have passed since the Court entered the Judgment on October 16, 2020. *See* Judgment. Although "the period of 'reasonable time' will of course vary according to the nuances of each case," *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), shorter periods of time have been considered "reasonable" in numerous cases. *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (three months); *Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months). Specifically, courts have found that two and five months were reasonable amounts of time when executing a judgment against Defendant. *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51 (D.D.C. 2019); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16 Civ. 661, 2017 WL 6349729 (D.D.C. June 9, 2017).

Defendant does not contest that other courts have found this amount of time reasonable. Def. Mem. at 6, ECF No. 72. Rather, Defendant argues that given the specific circumstances in Venezuela, the Court should not permit attachment at this time. *Id.* at 6–7.

First, Defendant argues that it "cannot reasonably be expected to make payments from Venezuela's public fisc at this time" because "[n]ot only is a humanitarian crisis of daunting proportions consuming all of the available resources and attention of" Defendant, but it also does not

have access to the "necessary levers of power" to access the funds, such as the Finance Ministry, the Exectuive Branch, and the Supreme Court. *Id.* at 3. The Court recognizes that Defendant is not attempting to evade judgment at this time. *Id.* at 4 ("To be clear . . . the Guaidó government is fully committed to honoring all of the Republic's debt obligations."). However, Defendant's inability to access funds demonstrates that it has not taken steps to satisfy the judgment. Moreover, Defendant has not provided a timeline for doing so. This uncertainty "bolsters plaintiff's argument that it should be allowed to seek attachment." *OI European Grp. B.V.*, 419 F. Supp. 3d at 55–56.

Second, Defendant argues that it is premature to issue a § 1610(c) order, because Plaintiffs lack a license from the Treasury Department's Office of Foreign Assets Control ("OFAC") permitting them to execute a judgment against Defendant. Def. Mem. at 4. OFAC regulations require such a license for the enforcement of a judgment "through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect [blocked] property or interests in [such] property." OFAC, Frequently Asked Questions No. 808 (Dec. 9, 2019), https://home.treasury.gov/policy-issues/financial-sanctions/faqs/808. Plaintiffs concede they do not have such a license. Pl. Mem. at 4, ECF No. 69-1. However, a court may issue a § 1610(c) order before OFAC grants a license to act on Defendant's assets. *See Cystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 17 Misc. 151 (D. Del. Aug. 9, 2018, July 16, 2020), ECF Nos. 78, 212 at 10.

Third, Defendant argues that any order on this motion by the Court would implicate United States foreign policy interests, "and the execution of judgments against the Republic's assets in the United States would be greatly damaging to Guaidó, the interim government, and U.S. foreign policy goals in Venezuela." Def. Mem. at 5 (quoting *Crystallex Int'l Corp.*, No. 17 Misc. 151, ECF No. 212). The United States' interest looms particularly large, Defendant contends, because this is the first public debt case against Defendant to reach this stage of litigation, and thus it would be fitting to

"to permit the new Biden Administration to weigh in on the important foreign policy questions these cases raise." *Id.* at 6.

The Biden administration may express its position on whether Plaintiffs can execute the judgment and attach Defendant's assets by determining whether to grant an OFAC license. *See Contrarian Cap. Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 11018, 2020 WL 5849013, at *4 (S.D.N.Y. Oct. 1, 2020) ("To the extent that the policy of the Executive Branch is to protect Defendant's property in light of the tumult in Venezuela, that interest is fully served . . . by the requirement that Plaintiff apply for an OFAC license before it can pursue Defendant's assets[.]"); *Crystallex Int'l Corp.*, 17 Misc. 151, ECF No. 234 at 15. Unlike in *Crystallex*, which focused on the special case of a judicial sale of important Venezuelan assets, the mere advertisement of which, the Government contended, would cause "the Venezuelan people [to] seriously question the interim government's ability to protect the nation's assets, thereby weakening it and U.S. policy in Venezuela today," *Crystallex Int'l Corp.*, 17 Misc. 151, ECF Nos. 212-1 at 4, 234 at 33–34, here there is no suggestion that issuing an order that a reasonable time has passed pursuant to § 1610(c) would cause a foreign policy impact. *See generally* Def. Opp'n. Accordingly, the Court finds it unnecessary to give the United States an opportunity to submit a statement of interest.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for an order finding that a "reasonable period of time" has elapsed following the entry of judgment pursuant to 28 U.S.C. § 1610(c) is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 69.

SO ORDERED.

Dated: May 27, 2021
       New York, New York

                                             ANALISA TORRES
                                          United States District Judge