# GIBSON DUNN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2022

Matthew D. McGill
Direct: +1 202.887.3680
Fax: +1 202.530.9662
MMcGill@gibsondunn.com

April 29, 2022

VIA CM/ECF

Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15D
New York, NY 10007

Re:   *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123 (AT):
      Request to Seal Portions of Proposed Protective Order

Dear Judge Torres:

Pursuant to Section IV.A.ii of the Court's Individual Rules of Practice in Civil Cases, Plaintiffs Pharo Gaia Fund, Ltd. and Pharo Macro Fund, Ltd. ("Plaintiffs") respectfully request permission to file under seal portions of a proposed protective order to be entered in this case related to Plaintiffs' post-judgment discovery efforts.

Plaintiffs seek to redact the name of the other party to the proposed protective order, which was obtained through Defendant Bolivarian Republic of Venezuela's production of highly confidential information pursuant to the protective order entered in this case (Dkt. No. 36). Although there is a presumption of public access to judicial documents, that presumption is subject to multiple, well-recognized exceptions designed to protect the type of information at issue here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption of access against competing considerations. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption may be overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Balanced against public access here is the parties' interests in the confidentiality of sources of information produced pursuant to post-judgment subpoenas.

Plaintiffs seek only to redact the "source[] of information" to be produced, which was obtained by Plaintiffs pursuant to Defendant's highly confidential production. *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-5345 (AJN), 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021). There is a recognized interest in protecting such "sources of information," *id.*, particularly if, as here, "the need to preserve that confidentiality may easily be accommodated with public access to the [protective order] by redacting the limited information in the

# GIBSON DUNN

April 29, 2022
Page 2

[protective order] which might serve to identify those sources," *In re Sealed Search Warrant*, No. 04-M-370, 2006 WL 3690639, at *4 (N.D.N.Y. Dec. 11, 2006). Such narrowly tailored redactions "would not impair meaningful monitoring of the judicial determinations" related to the protective order. *Id.* Plaintiffs' proposed redactions are narrowly tailored to protect the parties' confidentiality interest in the source of the subpoenaed information.

Accordingly, Plaintiffs respectfully request that the Court permit the requested redactions in the publicly filed version of the protective order. The Republic consents to this application.

Respectfully submitted,

/s/ Matthew D. McGill

Matthew D. McGill


GRANTED.

SO ORDERED.

Dated: May 4, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge