GT GreenbergTraurig

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/19/2026

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

October 16, 2026

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re: ***Altana Credit Opportunities Fund et al. v. The Bolivarian Republic of Venezuela.***
**Case No. 20-cv-08402-AT (S.D.N.Y.) [rel. No. 1:19-cv-3123-AT (S.D.N.Y.)]**

Dear Judge Torres:

We write on behalf of Defendant the Bolivarian Republic of Venezuela (the "Republic") in the above-referenced matter. Pursuant to Section I(c) of Your Honor's Individual Practices in Civil Cases, the Republic respectfully requests a seven-day extension of the October 21, 2026 deadline for the Republic to file its reply brief to be filed in support of its Motion to Vacate Default Judgment and For a Stay (ECF No. 100), permitting the Republic to file on or before October 28, 2026.

As we advised Plaintiffs' counsel, the Republic seeks this extension due to unexpected obligations of its counsel's team members and the need to consult on the filing, as an international client, with its U.S. counsel. The Republic requested Plaintiffs' consent within a day of receipt of their opposition papers, which includes a 26-page brief, two declarations, and eight exhibits.

When the Republic sought Plaintiffs' consent to an extension yesterday, Plaintiffs' counsel declined to consent except, in a glib non-sequitur, if the Republic would agree to withdraw the very motion for which the Republic seeks an extension. Plaintiffs' counsel claimed that, in his view, the Republic's motion should have been filed three years ago and that, in his view, it lacked a colorable basis in law and fact. Attached hereto as Exhibit A is yesterday's email correspondence between counsel.

Notably, Plaintiffs' counsel did not claim that a week's extension would cause it any prejudice. Nor could Plaintiffs claim prejudice because the extension would not delay any other deadline or affect Plaintiffs in any way. As a judgment already has been entered, a week extension would impose no burden on Plaintiffs.

Further, Plaintiffs' counsel declined to consent despite themselves having sought and obtained many longer extensions of time to file its motion for default judgment for essentially the same reasons. *E.g.*, ECF No. 45 (seeking an approximately seven-week extension of time to file a

motion of default judgment sought "due to the press of business, including numerous deadlines in other matters around the same time"), ECF No. 47 (seeking an approximately four-week extension of time to file a motion of default judgment "[d]ue to the press of business, and in light of the upcoming holidays and needed coordination between counsel and Plaintiffs, who are international clients"), ECF No. 49 at 3 (seeking an approximately six-week extension of time to file a motion of default judgment to file its Fourth Amended Complaint "and in light of the upcoming holidays and needed coordination between counsel and Plaintiffs, who are international clients"); ECF No. 53 (seeking an approximately five-week extension of time to file a motion of default judgment "due to the press of business, necessary coordination between counsel and Plaintiffs, who are international clients" and to make interest calculations), ECF No. 55 at 1 (seeking a 16-week extension of time to file a motion of default judgment "due to the press of business, necessary coordination between counsel and Plaintiffs, who are international clients" and to update interest calculations), ECF No. 57 at 3 (seeking a 13-week extension of time to file a motion of default judgment to file its Fifth Amended Complaint, update interest calculations and "in light of necessary coordination between counsel and Plaintiffs, who are international clients"); ECF 60 at 3 (seeking an approximately four-week extension of time to file a motion of default judgment to file its Sixth Amended Complaint, update interest calculations and "in light of necessary coordination between counsel and Plaintiffs, who are international clients") ECF No. 63 at 1 (seeking an approximately six-week extension "due to the press of business, necessary coordination between counsel and Plaintiffs, who are international clients" ). Plaintiffs' counsel further stated in ECF No. 63, "This is Plaintiffs' eighth request for an extension of this deadline," and that "[t]he Court granted all prior requests. *Id*.

This is the first request by the Republic for an adjournment or extension. It is not being sought for the purpose of any delay nor would it cause any delay. While the Republic regrets having to burden the Court with this application, it is appreciative of the Court's attention to its request.

Respectfully,

cc: All Counsel of Record (by ECF)

/s/ Hal S. Shaftel
Hal S. Shaftel

GRANTED. By **October 28, 2026**, Defendant shall file its in reply in support of its Motion to Vacate Default Judgment and For a Stay, ECF No. 100.

SO ORDERED.

Dated: October 19, 2026
New York, New York

ANALISA TORRES
United States District Judge